CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 9 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| R. J. KEYSTONE, a.k.a. RANDALL J. KEYES, Plaintiff, | ) ) ) ) Civil Action No. 7:05-cv-00801 |
| v. | ) **MEMORANDUM OPINION** |
| J. ARMENTROUT, et al., Defendants. | ) ) By: Hon. James C. Turk ) Senior United States District Judge ) |

Plaintiff R. J. Keystone, a.k.a. Randall J. Keyes, a Virginia inmate acting pro se, submits pleadings styled as a motion for injunctive relief, a motion for appointment of counsel, and an application to proceed in forma pauperis. In these motions, he alleges that the defendant prison officials are refusing to issue him an identification card that includes both the name under which he was previously convicted and the name that he later legally adopted. As inmates have a constitutional right to change their names, the court will construe this action as a civil rights complaint, pursuant to 42 U.S.C. §1983. Upon review of court records, however, the court concludes that Keystone's application to proceed in forma pauperis must be denied, pursuant to 28 U.S.C. §1915(g).

I.

Section 1915(g) denies the installment payment method to those prisoners who have "three strikes"--- those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim. Even a prisoner litigant with three strikes may qualify to proceed under the installment payment plan if he "is in imminent danger of serious physical injury." §1915(g). A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes"

1

provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

II.

Keyes has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. Court records indicate that Keystone, under his current or his former name, has filed at least three prior civil actions that were dismissed as malicious, frivolous, or for failure to state a claim: Keyes v. Pultz, Civil Action No. 7:01-cv-00746 (W.D. Va. Nov. 9, 2001); Keyes v. Saunders, 7:01-cv-00158 (W.D. Va. March 7, 2001); and Keystone v. Lynchburg News, 7:00-cv-00238 (W.D. Va. April 14, 2000). Therefore, under §1915(g), he may not pursue this lawsuit unless he prepays the $250.00 filing fee or demonstrates that he "is in imminent danger of physical harm."

Keystones's allegations, concerning defendants' alleged refusal to recognize his legally adopted name, do not suggest any manner in which defendants' actions place Keystone at risk of any physical harm whatsoever. Accordingly, the court concludes that Keyes has failed to demonstrate that he qualifies for the §1915(g) exception. The court will deny his application to proceed in forma pauperis and further, as he has not prepaid the filing fee, the court will dismiss the complaint without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This _9th_ day of January, 2006.

James C. Turk
Senior United States District Judge

2